November 27, 2007

The Honorable Geoffrey I. Barr
Comal County Criminal District Attorney
150 North Seguin Avenue, Suite 307
New Braunfels, Texas 78130

Opinion No. GA-0582

Re: Whether a county judge may issue a single
mass gathering permit for multiple events
(RQ-0592-GA)

Dear Mr. Barr:

You ask whether a county judge may issue a single mass gathering permit for multiple events.[1]

Chapter 751 of the Health and Safety Code (the "Act") defines a mass gathering as one

(A)  that is held outside the limits of a municipality;

(B)  that attracts or is expected to attract:

(i)  more than 2,500 persons; or

(ii)  more than 500 persons, if 51 percent or more of those persons may reasonably be expected to be younger than 21 years of age and it is planned or may reasonably be expected that alcoholic beverages will be sold, served, or consumed at or around the gathering; and

(C)  at which the persons will remain:

(i)  for more than five continuous hours; or

(ii)  for any amount of time during the period beginning at 10 p.m. and ending at 4 a.m.

TEX. HEALTH & SAFETY CODE ANN. § 751.002(1) (Vernon Supp. 2007). The Act provides that "[a] person may not promote a mass gathering without a permit issued under this chapter." *Id.* § 751.003

---

[1]Letter from Honorable Geoffrey I. Barr, Comal County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (June 19, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(Vernon 2003). Your question is whether the permit referenced in the Act may be granted for one event only or, on the other hand, whether the permit may be issued to cover a series of subsequent "similar events." Request Letter, *supra* note 1, at 5.

When construing a statute, one's primary objective is to ascertain and give effect to the Legislature's intent. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). To determine that intent, we look to the plain and common meaning of the words of a particular statute. *Id.* When the statutory language is unambiguous, we must construe the statute as written. *Id.* Moreover, we are admonished that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005). In addition, "[i]n enacting a statute, it is presumed that: . . . the entire statute is intended to be effective." *Id.* § 311.021(2).[2]

The following quoted language from the Act contains numerous instances, when read in context and within the statutory whole, that point to a single event, and thus reveals a legislative intent to require a separate permit for each separate mass gathering. For example, the Act requires that, "[a]t least 45 days before *the* date on which *a* mass gathering will be held," a promoter must file a detailed application "with the county judge of the county in which *the* mass gathering will be held." TEX. HEALTH & SAFETY CODE ANN. § 751.004(a) (Vernon 2003) (emphasis added). The county health authority, the county fire marshal, and the sheriff are directed to inquire into and investigate "preparations for *the* mass gathering." *Id.* § 751.005(a)–(d) (emphasis added). Other portions of the Act consistently use the singular articles "a" and "the" to modify the term mass gathering. *See, e.g., id.* §§ 751.007(b)(3) ("*the* location selected for *the* mass gathering"), 751.012 (county officials permitted to inspect "*a*" mass gathering while event is occurring).

Furthermore, the Act, when read as a whole and in context, suggests that the Legislature was primarily concerned with ensuring the health and safety of the attendees of a mass gathering. The county judge, for example, may deny a permit for a variety of reasons, if, among other things:

> (2) the promoter's financial backing is insufficient to ensure that the mass gathering will be conducted in the manner stated in the application;

> . . . .

> (4) the promoter has not made adequate preparations to limit the number of persons attending the mass gathering or to provide adequate supervision for minors attending the mass gathering;

---

[2]Although another rule of statutory construction provides that "[t]he singular includes the plural and the plural includes the singular," a court would likely find that the overall context of the Act, when considered together with the rules of grammar and common usage, overcomes the singular-plural rule. *See* TEX. GOV'T CODE ANN. § 311.012(b) (Vernon 2005).

. . . .

      (6)   the preparations for the mass gathering do not ensure that minimum standards of sanitation and health will be maintained; [or]

      (7)   the preparations for the mass gathering do not ensure that the mass gathering will be conducted in an orderly manner and that the physical safety of persons attending will be protected.

*Id.* § 751.007(b)(2), (4), (6)–(7).   Satisfaction of these concerns, in the context of current circumstances, is best achieved when the county judge is required to examine each particular proposed event on an individual basis. Finally, nothing in chapter 751 expressly authorizes a single permit for multiple events.  Neither does it seem reasonable, after reading the Act as a whole and in context, to infer such authorization from the language of chapter 751.

    The statutory requirements for obtaining a permit make clear that the Legislature did not contemplate the issuance of a single document to cover more than one event.  We conclude that a county judge may not issue a single mass gathering permit for multiple events.

## S U M M A R Y

A county judge may not issue a single mass gathering permit for multiple events.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee